# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JAMES JOHNSON                                                                              PLAINTIFF

VS.                            CIVIL ACTION NO. 3:09CV786-HTW-LRA

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL                                    DEFENDANTS
_____

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court regarding Plaintiff's failure to appear at the omnibus hearing which was scheduled in this case initially on April 12, 2010, and again on June 14, 2010.

Defense counsel appeared both times at the scheduled omnibus hearings, but Plaintiff did not appear. On April 12, 2010, the date of the first scheduled hearing, Plaintiff filed a motion for continuance due to health problems. The motion was granted, and the hearing was reset for June 14, 2010. Plaintiff again did not appear, not did he contact the Court to request a continuance. Defense counsel made an *ore tenus* motion to dismiss based upon Plaintiff's failure to prosecute his claims. Plaintiff was notified of this hearing at the mailing address that he provided to the Court, being 611 Starling Road, Mantachie, MS 38855. Plaintiff is no longer incarcerated and should be able to prosecute these civil claims.

On June 22, 2010, the Court entered an Order to Show Cause [ECF No. 19] directing Plaintiff to explain why he failed to appear, in writing, on or

before July 6, 2010. He was informed that his case would be dismissed if he failed to respond to the Order.

In the Order to Show Cause, the undersigned noted that Plaintiff may have lost interest in his case after he was released from prison. He was given until July 6, 2010, to inform the Court as to how he wished to proceed. The Court has received no response to the Order.

Plaintiff filed this case, and it was his responsibility to prosecute his claim. His failure to attend the scheduled hearings, or to respond to the Order to Show Cause, has caused Defendants to incur additional attorneys' fees and costs. Plaintiff has failed to abide by the orders of this Court due to his failure to attend the hearings or to respond in any manner to the Order to Show Cause entered June 10, 2010. Plaintiff must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except … ---- operates as an adjudication on the merits.

(Emphasis added.)

Defendants made an *ore tenus* motion to dismiss the case against them at the scheduled omnibus hearing. This Court has the authority to dismiss an

2

action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit after his release from incarceration, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants. The statute of limitations has not run on Plaintiff's claims, and the dismissal may be without prejudice.

For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). **Plaintiff shall file any objections to this Report and Recommendation on or before September 23, 2010, or his case shall be dismissed without further notice.**

THIS the 9th day of September, 2010.

                                          S/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE